Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Telephone: (215) 540-8888
Attorney of Record: Amy Bennecoff (AB0891)
Attorney for Plaintiff

## UNITED STATES DISTRICT COURT
## FOR THE
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **VICTORIA SEU,** | ) | |
| | ) | **Case No.:** |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **COMPLAINT AND DEMAND FOR** |
| **CREDIT COLLECTION SERVICES, INC.,** | ) | **JURY TRIAL** |
| | ) | |
| Defendant. | ) | **(Unlawful Debt Collections Practices)** |
| | ) | |

## COMPLAINT

VICTORIA SEU ("Plaintiff"), by and through her counsel, Kimmel & Silverman, P.C., alleges the following against CREDIT COLLECTION SERVICES, INC. ("Defendant"):

### INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court

without regard to the amount in controversy," and 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3.   Defendant regularly conducts business in the State of New Jersey therefore personal jurisdiction is established.

4.   Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

**PARTIES**

5.   Plaintiff is a natural person residing in Haddon Heights, New Jersey.

6.   Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7.   Defendant is a corporation with its principal place of business located at 2 Wells Avenue, Department 9133, Newton, Massachusetts 02459.

8.   Upon information and belief, Defendant is a corporation that provides call center, collections, insurance and debt purchase services to companies in the United States.

9.   At all times material hereto, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692(a)(6), and attempted to collect a "debt" as defined by 15 U.S.C. § 1692(a)(5).

10.   Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

11.   At all times material hereto, Defendant contacted Plaintiff in an attempt to collect an alleged consumer debt.

12. Upon information provided and belief, the alleged debt arose out of transactions that were for personal, family, or household purposes as Plaintiff does not owe any business debts.

13. Within the one year period preceding the filing of this Complaint and continuing through April 2016, Defendant's collectors placed repeated harassing telephone calls to Plaintiff's cellular telephone number in its attempts to collect the alleged debt.

14. Defendant's collectors' calls originated from telephone numbers including, but not limited to, (603) 957-4026. The undersigned has confirmed that this number belongs to Defendant.

15. These calls were particularly frustrating for Plaintiff as she uses her cellular telephone as a business telephone.

16. In July 2015, Plaintiff told Defendant to stop calling and to communicate with her only by mail.

17. However, Defendant continued to call Plaintiff.

18. Once Defendant was aware that Plaintiff did not wish to be contacted there was no legitimate reason for any additional calls, other than for the purpose of harassment.

19. Moreover, on at least one collection call, Defendant's collectors threatened to take legal action against Plaintiff unless she paid the alleged debt.

20. Upon information provided and belief, Defendant did not intend to take legal action against Plaintiff. Instead, Defendant's collectors made this threat for the purposes of placing Plaintiff in fear and to coerce payment of the alleged debt.

21. Defendant's actions as described herein were taken with the intent to harass, abuse and coerce payment from Plaintiff.

## COUNT I
## **DEFENDANT VIOLATED § 1692d OF THE FDCPA**

22. A debt collector violates § 1692d by engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

23. Defendant violated § 1692d when it placed repeated harassing telephone calls to Plaintiff; when it continued to call after Plaintiff demanded that it stop contacting her; and when it deceptively threatened to take legal action against Plaintiff,

## COUNT II
## **DEFENDANT VIOLATED § 1692d(5) OF THE FDCPA**

24. A debt collector violates § 1692d(5) by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

25. Defendant violated § 1692d(5) when it placed repeated harassing calls to Plaintiff's cellular telephone causing it to ring continuously with the intent to annoy, abuse, and harass Plaintiff.

## COUNT III
## **DEFENDANT VIOLATED §§ 1692e, 1692e(5) AND 1692e(10) OF THE FDCPA**

26. A debt collector violates § 1692e by using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

27. A debt collector violates § 1692e(5) by threatening to take any action that cannot legally be taken or that is not intended to be taken

28. A debt collector violates § 1692e(10) by use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

29. Defendant violated §§ 1692e, 1692e(5) and 1692e(10) when it threatened to take legal action against Plaintiff without the intend to take such action.

## COUNT IV
## DEFENDANT VIOLATED § 1692f OF THE FDCPA

30. A debt collector violates § 1692f by using unfair or unconscionable means to collect or attempt to collect any debt.

31. Defendant violated § 1692f when it harassed Plaintiff; when it threatened Plaintiff; and, generally, when it used unfair and unconscionable means to collect the alleged debt.

WHEREFORE, Plaintiff, VICTORIA SEU, respectfully prays for judgment as follows:

a. All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs, pursuant to 15 U.S.C. § 1693k(a)(3);

e. Any other relief deemed fair and proper by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, VICTORIA SEU, demands a jury trial in this case.

## CERTIFICATION PURSUANT TO L.CIV.R.11.2

I hereby certify pursuant to Local Civil Rule 11.2 that this matter in controversy is not subject to any other action pending in any court, arbitration or administrative proceeding.

Respectfully submitted,

Dated: April 11, 2016

By: /s/ Amy L. B. Ginsburg
Amy L. B. Ginsburg, Esquire
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, Pennsylvania 19002
Phone: (215) 540-8888
Facsimile: (877) 788-2864
Email: aginsburg@creditlaw.com